UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>JAMES THOMAS,<br>   a/k/a "Spazz,"<br>DUVAUGHN WILSON,<br>   a/k/a "Dupree,"<br>COURTNEY SCHLOSS,<br>   a/k/a "Bway,"<br>   a/k/a "Balenci,"<br>KEN ALEXANDER,<br>   a/k/a "Ryu,"<br>ARGAM TAJ,<br>   a/k/a "Sour,"<br>SAMUEL TAJ,<br>   a/k/a "Sosa,"<br>CHRISTOPHER MACHADO,<br>   a/k/a "Chris Elite," and<br>JAMEL THOMAS<br>   a/k/a "Mel,"<br><br>                *Defendants.* | **Protective Order**<br><br>**S3 21 Cr. 249 (SHS)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

**Confidential Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in a criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not

authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Subject to PO" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Subject to PO," shall be deemed "Confidential Material."

**Attorney's Eyes Only ("AEO") Material**. Certain discovery materials in this case may raise a particular risk of impeding the Government's ongoing investigation of uncharged individuals because it allows for identification of those uncharged individuals. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Attorney's Eyes Only," shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Confidential Material.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

2. Confidential Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action;

(c) The defendant in the presence of counsel;

(d) Such other persons as hereafter may be authorized by the Court.

3. Except for Confidential Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material, including the seized ESI Confidential Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case; or the expiration of any retention period mandated by governing rules of professional responsibility applicable to the defense, whichever date is later.

4. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons.

5. The defense shall receive any AEO Material on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any paralegal or staff employed by defense counsel.

6. The Government may authorize, in writing, disclosure of Confidential Material or AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any Confidential Material or AEO Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. If there is a dispute between the parties concerning the Government's designation of certain discovery material as Confidential Material — including material designated as Attorney's Eyes Only (AEO) — the parties shall meet and confer without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Confidential Material designation of the disputed materials.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: /s/ Ashley C. Nicolas                              Date: August 30, 2021
    Ashley C. Nicolas
    Matthew J. King
    Assistant United States Attorneys


                                                        SO ORDERED:

Dated: New York, New York
       September 9, 2021

                                                        _____
                                                        THE HONORABLE SIDNEY H. STEIN
                                                        UNITED STATES DISTRICT JUDGE

## Consent to Entry of Protective Order

I, Robert Soloway, Esq., have read and reviewed the proposed Protective Order in the case of United States v. James Thomas, et al., S3 21 Cr. 249 (SHS), and I consent to the entry of the Order on behalf of my client, James Thomas.

_____
Robert Soloway, Esq.
Attorney for Defendant James Thomas

## Consent to Entry of Protective Order

I, D. Andrew Marshall, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Duvaughn Wilson, et al., S3 21 Cr. 249 (SHS), and I consent to the entry of the Order on behalf of my client, Duvaughn Wilson.

_____
D. Andrew Marshall, Esq.
Attorney for Defendant Duvaughn Wilson

I, Marlon Kirton, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Duvaughn Wilson, et al., S3 21 Cr. 249 (SHS), and I consent to the entry of the Order on behalf of my client, Duvaughn Wilson.

_____
Marlon Kirton, Esq.
Attorney for Defendant Duvaughn Wilson

## Consent to Entry of Protective Order

I, D. Andrew Marshall, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Duvaughn Wilson, et al., S3 21 Cr. 249 (SHS), and I consent to the entry of the Order on behalf of my client, Duvaughn Wilson.

_____
D. Andrew Marshall, Esq.
Attorney for Defendant Duvaughn Wilson

I, Marlon Kirton, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Duvaughn Wilson, et al., S3 21 Cr. 249 (SHS), and I consent to the entry of the Order on behalf of my client, Duvaughn Wilson.

_____
Marlon Kirton, Esq.
Attorney for Defendant Duvaughn Wilson

## Consent to Entry of Protective Order

I, Lance Lazzaro, Esq., have read and reviewed the proposed Protective Order in the case of United States v. James Thomas, et al., S3 21 Cr. 249 (SHS), and I consent to the entry of the Order on behalf of my client, Courtney Schloss.

_____
Lance Lazzaro, Esq.
Attorney for Defendant Courtney Schloss

## Consent to Entry of Protective Order

I, David Greenfield, Esq., have read and reviewed the proposed Protective Order in the case of United States v. James Thomas, et al., S3 21 Cr. 249 (SHS), and I consent to the entry of the Order on behalf of my client, Ken Alexander.

*David S. Greenfield*
David Greenfield, Esq.
Attorney for Defendant Ken Alexander

9

## Consent to Entry of Protective Order

I, Inga Parsons, Esq., have read and reviewed the proposed Protective Order in the case of United States v. James Thomas, et al., S3 21 Cr. 249 (SHS), and I consent to the entry of the Order on behalf of my client, Argam Taj.

_____
Inga Parsons, Esq.
Attorney for Defendant Argam Taj

## Consent to Entry of Protective Order

I, Andrew Bernstein, Esq., have read and reviewed the proposed Protective Order in the case of United States v. James Thomas, et al., S3 21 Cr. 249 (SHS), and I consent to the entry of the Order on behalf of my client, Samuel Taj.

Andrew Bernstein, Esq.
Attorney for Defendant Samuel Taj

## Consent to Entry of Protective Order

I, Stephanie Carvlin, Esq., have read and reviewed the proposed Protective Order in the case of United States v. James Thomas, et al., S3 21 Cr. 249 (SHS), and I consent to the entry of the Order on behalf of my client, Christopher Machado.

_____
Stephanie Carvlin, Esq.
Attorney for Defendant Christopher

## Consent to Entry of Protective Order

I, Andrew Dalack, Esq., have read and reviewed the proposed Protective Order in the case of United States v. James Thomas, et al., S3 21 Cr. 249 (SHS), and I consent to the entry of the Order on behalf of my client, Jamel Thomas.

_____
Andrew Dalack, Esq.
Attorney for Defendant Jamel Thomas